**SO ORDERED.**

**SIGNED this 03rd day of April, 2012.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| *In re* | BANKR. CASE NO. |
|---|---|
| RICHARD C. SMITH & ANN M. SMITH | 04-50723 |
| *Debtors* | |
| RICHARD C. SMITH & ANN M. SMITH<br><br>  *Plaintiffs,*<br>v.<br><br>CITIMORTGAGE, INC., ARACELI GREGORY & BRYAN SCHREPEL<br><br>  *Defendants.* | ADV. NO. 11-05136 |

### ORDER REGARDING MOTION TO TAKE JUDICIAL NOTICE

CAME ON for consideration the foregoing matter. On August 24, 2011, over one year after receiving their discharge, the captioned Debtors initiated the above adversary proceeding against CitiMortgage alleging, among other things, that CitiMortgage had breached a settlement

1

agreement previously entered into by the Debtors and CitiMortgage in connection with an adversary proceeding filed by the Debtors in September 2010.

On March 14, 2012, the Debtors filed the present *Motion to Take Judicial Notice of Pleadings, Stipulations and Order of Settlement and Dismissal, and $158,300,000 Consent Judgment in Favor of the United States of America (Qui Tam Lawsuit) and to Take Judicial Notice of Adjudicative Facts* [Docket No. 33] (the "Motion to Take Judicial Notice" or "Motion"). The Debtors have asked the court to take judicial notice of certain pleadings and orders, including various allegations and findings of fact contained within those pleadings and orders, filed in connection with an un-related lawsuit against CitiMortgage and others in the Southern District of New York.

CitiMortgage has objected to the Debtors' Motion to Take Judicial Notice, asserting that the contents of the documents at issue do not constitute adjudicative facts, and are thus not the proper subject for judicial notice. CitiMortgage also asserts that the Debtors' Motion should be denied as procedurally improper because it "seeks to enter irrelevant and potentially prejudicial information into the evidence through judicial notice even though no pending request or contested matter is before the Court such that admission of evidence is proper."

### Discussion

Regarding the timing of the Debtors' Motion, Rule 201(f) of the Federal Rules of Evidence states that "[j]udicial notice may be taken at any stage of the proceeding." FED. R. EVID. 201(f). CitiMortgage maintains that there is no pending "proceeding" to which the Debtors' Motion relates. This is not quite true, however. The Debtors filed their Motion in the pending adversary proceeding initiated by the Debtor against CitiMortgage in August 2011. A docket call in the adversary proceeding is currently set for August 8, 2012. Accordingly, the court will view the Debtor's Motion as a *motion in limine* filed in connection with the Debtor's pending adversary proceeding.

Nonetheless, CitiMortgage's substantive objections to the Debtor's Motion to Take Judicial Notice merit some discussion. Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of "an adjudicative fact" that is "not subject to reasonable dispute" because it is either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* FED. R. EVID. 201(a), (b).

First, the Debtors request that the court take judicial notice of certain documents filed in the Southern District of New York litigation—namely, the docket, the first amended complaint, the complaint-in-intervention, a stipulated order of settlement and dismissal between the United States and various defendants, including CitiMortgage (the "CitiMortgage Order"), and a stipulated order of settlement and dismissal between the United States and the Relator. As a

general matter, courts may take judicial notice of documents filed in another court, though merely to establish that such documents have been filed, or to establish the existence of litigation. *See, e.g., Anderson v. Dallas County*, 2007 U.S. Dist. LEXIS 28702, at *9 (N.D. Tex. Apr. 18, 2007) ("The Fifth Circuit has determined that a court may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation and related filings," but "cannot take notice of the factual findings of another court.") (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. Tex. 1998)); *SB Int'l, Inc. v. Jindal*, 2007 U.S. Dist. LEXIS 34999, at *4 (N.D. Tex. May 14, 2007) (stating that "[i]f the defendant wishes the court to take judicial notice of the fact that these documents [from other court proceedings] exist and were filed in the courts shown on the first page of each document, that is within the court's power and the court takes such notice. If, however, [defendant] wishes the court to take judicial notice of the contents of those documents, the court concludes that any "facts" contained in the petitions, counterclaims, and motion are subject to reasonable dispute and, therefore, not appropriate for judicial notice.") (citations omitted). Accordingly, there is no barrier to the court's taking judicial notice of the fact that the documents listed in the Debtors' Motion were filed in the Southern District of New York, in litigation which included this defendant as a named defendant in that litigation.

Second, the Debtors request that the court take judicial notice of: 1) certain allegations recited in the stipulated CitiMortgage Order; and 2) certain admissions included in the "terms and conditions" portion of the CitiMortgage Order, following the recitation "It Is Hereby Ordered That:".

Regarding the allegations recited in the stipulated orders, there is a difference between a request to take judicial notice of allegations contained in a court filing and a request to take judicial notice of the fact that certain allegations were made. The court cannot take judicial notice of the allegations for their truth. *See McCorstin v. U. S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980) (stating, in response to plaintiff's request that the court take judicial notice "that [defendant] committed perjury in her affidavit for the Department of Labor[,]" that "[a]n allegation of perjury clearly is not contemplated by the judicial notice rule"); *Mascitti v. Quarterman*, 2009 U.S. Dist. LEXIS 112134, at *3 (S.D. Tex. 2009) ("Allegations of civil rights violations are not contemplated within the rule concerning judicial notice."). In *Eastbourne Arlington One, LP v. JPMorgan Chase Bank, N.A.*, the district court for the Northern District of Texas explained that while it could take judicial notice of court records "to establish the fact of their having been filed", it could not take judicial notice of such records if they were offered "to establish the facts asserted therein." 2011 U.S. Dist. LEXIS 81977, at *6-7 (N.D. Tex. July 27, 2011); *see also In re James*, 300 B.R. 890, 895 (Bankr. W.D.Tex. 2003) (same).

Accordingly, the court will not take judicial notice of the allegations listed in the Debtors' Motion to the extent they are offered for their truth. *See In re CMS Energy Sec. Litig.*, 2005 U.S. Dist. LEXIS 439, at *16 (E.D. Mich. Jan. 7, 2005) (granting movant's request to take judicial notice of "as to the legal brief, but not for the truth of any allegations therein, because

3

"judicial notice of pleadings in another lawsuit clearly cannot extend to consideration of such allegations for the truth thereof."); *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 665 (N.D. Tex. 2011) (finding, in the context of considering an affidavit submitted with a motion to dismiss, that the court could take judicial notice of the affidavits "in order to determine what statements they contain," but could not consider the truth of the statements in the affidavits noticed); *see also Anderson v. Dallas County*, 2007 U.S. Dist. LEXIS 28702, at *9-12 (refusing to take judicial notice of the myriad "facts" contained within court records because such facts were "neither generally known nor reasonably indisputable").

The court may, however, take judicial notice of the fact that certain allegations were made against CitiMortgage in the Southern District litigation. *See United States v. Cohen*, 2012 U.S. Dist. LEXIS 18891, at *14-15 (C.D. Ill. Feb. 27, 2012) (noting that while a court may take judicial notice of documents filed in other lawsuits to establish "the indisputable facts that those documents exist, they say what they say, and they have had legal consequences", such documents cannot be used "as proof of disputed facts in any other sense."); *In re FedEx Ground Package Sys.*, 2010 U.S. Dist. LEXIS 30303, at *10 (N.D. Ind. Mar. 29, 2010) ("Court documents from another case may be used to show that the document was filed, that party took a certain position, and that certain judicial findings, allegations or admissions were made …. Judicial notice generally doesn't extend to the truth of the matters that were asserted in the other judicial proceeding.") (citing *General Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1081 (7th Cir. 1997)). In short, the court can only take judicial notice of the fact that certain allegations were made against CitiMortgage in the Southern District litigation; the court cannot take judicial notice of those allegations for the purpose of establishing the facts asserted therein.

Next, regarding the admissions contained within the "order" portion of the CitiMortgage Order, admissions are, by definition, not reasonably subject to dispute by the parties who enter into them. *See Wicker v. Conrail*, 2005 U.S. Dist. LEXIS 36449, at *16 (W.D. Pa. Dec. 27, 2005) (noting that the court "is able to take judicial notice of the admissions of the Defendant made in [a] separate state criminal matter, as such admissions by the fact that they are admissions, have become indisputable facts.") (citing WEINSTEIN'S FEDERAL EVIDENCE 2d § 201.12[3] n. 48 (Joseph M. McLaughlin, 2005)). *See also Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 747 (E.D. Va. 2009) ("It is well-settled, of course, that judicial notice, pursuant to Rule 201, Fed. R. Evid., may be taken of facts 'not subject to reasonable dispute,' including party admissions and other statements in public court records.") (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236,1239-40 (4th. Cir. 1989)); *In re FedEx Ground Package Sys.*, 2010 U.S. Dist. LEXIS 30303, at *1-2 (N.D. Ind. Mar. 29, 2010) (taking judicial notice of certain court filings and administrative proceedings, including notice "of the documents' existence, the content of the documents, and undisputed facts contained therein," but declining "to take notice of findings of fact from the proceedings or admissions made by the parties as being asserted for their truth *to the extent the findings or admissions are subject to dispute*."). Because the admissions the Debtor seeks to have judicially noticed appear in a stipulated order

4

signed by CitiMortgage, CitiMortage cannot now claim that these admissions are disputed. Accordingly, the court will take judicial notice of the admissions referenced in the Debtors' Motion.

CitiMortage has raised valid concerns regarding the relevance of the documents and statements referenced in the Debtors' Motion to Take Judicial Notice, as well as their propriety under Rule 404 of the Federal Rules of Evidence (concerning character evidence and prior bad acts). CitiMortgage may be correct in its assertion that the documents and statements at issue here are not relevant to the underlying dispute between CitiMortgage and the Debtors pending in this proceeding. The court need not reach that issue at this stage, however. Instead, the appropriate course if for the court to permit the defendant to raise the objection at time of trial, when the court will be in a better position to weigh the evidence in light of the facts developed by the parties.

With respect to CitiMortage's character evidence objection, "[r]ule 404(b) limits the admissibility of character evidence as applied to 'persons.' Whether a corporation may assume a 'character' for the purposes of Rule 404(b) has been largely unanswered by the caselaw." *West v. Marion Lab., Inc.*, 1991 U.S. Dist. LEXIS 18457, at *1-2 (W.D. Mo. Dec. 12, 1991). Thus, the more appropriate way to address CitiMortgage's concern is through the exclusionary principles found in Rule 403—whether the probative value of the evidence is outweighed by the danger of unfair prejudice, etc. *Id.* Because the Debtors' case against CitiMortgage will be tried to a judge rather than a jury, no real danger of unfair prejudice exists. Thus, there is no reason to exclude these materials on this ground. However, in an abundance of caution, the court will permit the defendant to interpose this objection too at time of trial, as it may appear at that time that the objection might have greater merit, given the state of the evidence at time of trial.

For the reasons stated above, the court will grant the Debtors' Motion with the appropriate limits described herein.

####